UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WHIRLPOOL PROPERTIES, INC., and WHIRLPOOL CORPORATION, | § § § | |
| Plaintiffs, | § § | Civil Action No. 2:17-cv-117 |
| v. | § § | JURY TRIAL DEMANDED |
| TUNG Y. CHEN | § § | |
| Defendant. | § § § | |

## COMPLAINT

COMES NOW Plaintiffs, Whirlpool Properties, Inc. and Whirlpool Corporation (hereinafter collectively referred to as "Whirlpool"), for their Complaint against Tung Y. Chen ("Defendant"), and state as follows:

## PARTIES

1.      Plaintiff Whirlpool Properties, Inc. is a Michigan corporation having its principal place of business at 500 Renaissance Drive, Suite 101, Saint Joseph, Michigan 49085.  Whirlpool Properties, Inc. owns the U.S. trademark registrations that are at issue in this action.

2.      Plaintiff Whirlpool Corporation is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 2000 North M-63, Benton Harbor, Michigan.

3.      Defendant Tung Y. Chen is an individual who resides at 1908 Brady Dr., Jefferson City, Missouri, 65101.

## JURISDICTION & VENUE

4.      Counts I, II, and III herein arise under the laws of the United States prohibiting counterfeiting and infringement of federally registered trademarks, specifically, the Lanham Act, 15 U.S.C. § 1114.  Count IV is for false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

5.      The jurisdiction of this Court is proper under 15 U.S.C. § 1121 *et seq.* and 28 U.S.C. § 1331, § 1332, and § 1338.

6.      Defendant is a seller of water filters for refrigerators.

7.      Defendant has offered for sale and sold throughout the United States counterfeit products that infringe Whirlpool's federally registered "WHIRLPOOL" and "EVERYDROP" trademarks on counterfeit refrigerator water filters.

8.      Defendant has offered for sale and sold to residents and citizens of Texas who reside within this district counterfeit products that infringe Whirlpool's federally registered "WHIRLPOOL" and "EVERYDROP" trademarks on counterfeit refrigerator water filters.

9.      Defendant has offered for sale and sold counterfeit products that infringe Whirlpool's federally registered "WHIRLPOOL" and "EVERYDROP" trademarks on counterfeit refrigerator water filters to distributors who sell counterfeit products to residents and citizens of Texas who reside within this district.

10.     The Court has personal jurisdiction over Defendant because it has advertised in Texas, including the Eastern District of Texas, the sale of the accused products via the internet, and has offered for sale and sold the accused products to customers in the state of Texas, including the Eastern District of Texas, thereby harming Whirlpool by offering to sell and/or selling infringing products in this district.  Defendant has also placed the accused products into the stream of commerce with purposeful direction toward residents of the Eastern District of Texas and with the expectation that the accused products would be purchased by residents in the Eastern District of Texas, with such accused products ultimately being purchased by residents in the Eastern District of Texas, thereby harming Whirlpool by offering to sell and/or selling infringing products in this district.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to the claims occurred in this district.  Defendant has advertised, promoted, sold, and distributed the accused goods throughout the United States including in this district, and has thereby committed the complained-of acts of infringement, counterfeiting, false designation of origin, and unfair competition in this district, and Defendant's conduct was directed towards and intended to cause harm to Whirlpool in this district.

## FACTS AND ALLEGATIONS COMMON TO ALL COUNTS

### Whirlpool's Businesses and Marks.

12.     Plaintiff Whirlpool Corporation is a company with a long history.  The mark "WHIRLPOOL" has been used in interstate commerce on and in connection with appliances for almost 65 years, since at least as early as January 1951.

13.     Today, Whirlpool Corporation is the leading global manufacturer and most highly regarded appliance company in the world, making and selling many home appliances and accessories including, most notably for the instant matter, refrigerators and refrigerator water filters.

14.     The mark "EVERYDROP" has been used in interstate commerce on and in connection with refrigerator water filters and related goods since at least as early as 2013.

15.     Whirlpool Corporation owns a subsidiary that is in the intellectual property management business.  The name of the subsidiary is Whirlpool Properties, Inc. and it owns, manages, enforces, licenses, and maintains intellectual property, including trademarks.

16.     Whirlpool Properties, Inc. licenses its trademarks to Whirlpool Corporation.

17.     Trademarks that Whirlpool Properties, Inc. licenses to Whirlpool Corporation include, but are not limited to, "WHIRLPOOL" and the "Whirlpool Swirl & Ring Design", shown below:

4



These marks are sometimes hereinafter collectively referred to as the "WHIRLPOOL Marks".

18.     Whirlpool Properties, Inc. also licenses to Whirlpool Corporation the mark "EVERYDROP", as shown below:



This mark is sometimes referred to hereinafter as "EVERYDROP Mark."

19.     The WHIRLPOOL Marks and EVERYDROP Mark have been heavily advertised and promoted nationwide by Whirlpool Corporation and by third party retailers and distributors for home appliances, parts and accessories, including refrigerators and refrigerator water filters.

20.     As a result of these significant marketing activities, the long-time use of the marks, and Whirlpool Corporation's dedication to producing quality products, the WHIRLPOOL Marks and the EVERYDROP Mark are widely known and enjoy a fine reputation among consumers, including for refrigerator water filters.

21.     Indeed, consumers and the trade immediately and favorably recognize the WHIRLPOOL Marks and the EVERYDROP Mark and rely on them as indicating high-quality goods originating from a single source.

22.     Thus, the WHIRLPOOL Marks and the EVERYDROP Mark have earned very valuable goodwill.  This goodwill is evidenced by the substantial sales by Whirlpool Corporation of goods offered under the marks.

23.     To protect the significant goodwill associated with the WHIRLPOOL Marks, Whirlpool Properties, itself and/or through its predecessors in interest, has successfully registered, and today owns, many U.S. trademark registrations for "WHIRLPOOL" and the "Whirlpool Swirl & Ring Design" for a variety of goods, including but not limited to the following:

| MARK | REGISTRATION NO. | RELEVANT GOODS |
| --- | --- | --- |
| WHIRLPOOL | Reg. No. 1837512 | Domestic water filtration units and parts therefor |
| WHIRLPOOL | Reg. No. 2955751 | Home water filtration devices |
| Whirlpool Swirl & Ring Design | Reg. No. 1832111 | Domestic water filtration units and parts therefor |

The above registrations are collectively hereinafter referred to as the "Whirlpool Filter Registrations".

24.     In addition to the Whirlpool Filter Registrations listed above, Whirlpool also owns registrations covering refrigerators, namely, the following:

| MARK | REGISTRATION NO. | RELEVANT GOODS |
| --- | --- | --- |
| WHIRLPOOL | Reg. No. 0626550 | Refrigerators and freezer chests |
| WHIRLPOOL | Reg. No. 0937550 | Refrigerators, freezers, and combination refrigerator-freezers |

| Whirlpool Swirl & Ring Design | Reg. No. 1251511 | Refrigerators, combination refrigerator-freezers |
|---|---|---|

The above registrations are collectively hereinafter referred to as the "Whirlpool Refrigerator Registrations".

25.     Pursuant to 15 U.S.C. §§ 1065 and 1115(b), the Whirlpool Filter Registrations and the Whirlpool Refrigerator Registrations have become "incontestable," and therefore serve as conclusive evidence of Whirlpool Properties' ownership of the marks and its exclusive right to use (or license) the marks in connection with the goods listed in the registrations.

26.     To protect the significant goodwill associated with the EVERYDROP Mark, Whirlpool Properties, itself and/or through its predecessors in interest, has successfully registered, and today owns, many U.S. trademark registration:

| MARK | REGISTRATION NO. | RELEVANT GOODS |
|---|---|---|
| EVERYDROP Design | Reg. No. 4679632 | Refrigerator water filters |

The above registration is hereinafter referred to as the "EveryDrop Registration".

**Defendant's Unlawful Activities**.

27.     Defendant, without any authorization from Whirlpool, is using the WHIRLPOOL Marks and the EVERYDROP Mark in U.S. commerce on refrigerator water filters and in connection with the advertising, promotion, sale, and distribution of such filters to consumers nationwide, including to consumers in the Eastern District of Texas.  Photographs that are fair and accurate representations of some of these counterfeit filters appear below alongside genuine WHIRLPOOL filters, and are also appended as Exhibit A:

**COUNTERFEIT**                                                    **GENUINE**

Whirlpool EveryDrop Filter 1                          Whirlpool EveryDrop Filter 1

                                   

Whirlpool Pur Filter 1                                   Whirlpool Pur Filter 1

                                   

**COUNTERFEIT**                              **GENUINE**

Whirlpool Pur Filter 3                    Whirlpool Pur Filter 3




28.     On information and belief, Defendant intentionally copied and used the
WHIRLPOOL Marks and the EVERYDROP Mark on and in connection with refrigerator
filters, including those as shown in Exhibit A, with the intention of creating the
impression that Defendant's filters originated from Whirlpool, when in fact they did not.

29.     Defendant continues to advertise, promote, sell, and distribute refrigerator filters bearing the WHIRLPOOL Marks and the EVERYDROP Mark to distributors who sell the accused products to residents of the Eastern District of Texas and directly to consumers throughout the United States—including in this district—via Defendant's online retail presence.

30.     On information and belief, the refrigerator filters that are advertised, promoted, sold, and distributed by Defendant are intended to be, and are in fact, targeted towards a substantial segment of the public that has long been familiar with Whirlpool's appliances and accessories offered under the WHIRLPOOL Marks, including refrigerators and accessories therefor such as filters.

31.     On information and belief, the refrigerator filters that are advertised, promoted, sold, and distributed by Defendant are intended to be, and are in fact, targeted towards a substantial segment of the public that has long been familiar with Whirlpool's accessories offered under the EVERYDROP Mark, including refrigerator water filters and related goods.

32.     Indeed, the refrigerator water filters sold and distributed by Defendant under the WHIRLPOOL Marks and the EVERYDROP Mark are directly competitive with the refrigerator water filters sold by Whirlpool under the WHIRLPOOL Marks and the EVERYDROP Mark.

33.     On information and belief, Defendant's filters are inferior to Whirlpool's filters in terms of their quality.

34.     Defendant engaged in the foregoing conduct to trade off of and usurp for itself the value of the WHIRLPOOL Marks and the EVERYDROP Mark and the goodwill long associated with them, in order to sell counterfeit filters to unsuspecting consumers.

35.     Because Whirlpool has no control over the nature of Defendant's filters, the goodwill associated with the WHIRLPOOL Marks and the EVERYDROP Mark is jeopardized and damaged by Defendant's conduct and will continue to be jeopardized and damaged for so long as Defendant continues to use the WHIRLPOOL Marks and the EVERYDROP Mark.

36.      To the extent that the quality of Defendant's filters is inferior to the quality standards set by Whirlpool for Whirlpool's own goods, consumers will be damaged in the event such lower quality filters result in refrigerator breakdowns, water leakage in homes, and property damage.

37.     Defendant's use of the WHIRLPOOL Marks and the EVERYDROP Mark is likely to cause instances of actual confusion, to cause mistake, or to deceive consumers into believing that the filters sold by Defendant originated from Whirlpool, or are in some way sponsored by, endorsed by, connected to, or affiliated with Whirlpool or Whirlpool's goods.

38.     Defendant's unauthorized and willful advertising, promotion, sales, and distribution of refrigerator filters bearing the WHIRLPOOL Marks and the EVERYDROP Mark violates Whirlpool's exclusive right to use the WHIRLPOOL Marks and the EVERYDROP Mark for such goods, afforded to Whirlpool by virtue of

the Whirlpool Filter Registrations, the Whirlpool Refrigerator Registrations, as well as Whirlpool's long-established common law rights in the WHIRLPOOL Marks and the EVERYDROP Mark based on nationwide sales of goods bearing the marks.

39.     On information and belief, in engaging in the above-described conduct, Defendant has willfully and knowingly counterfeited and infringed the WHIRLPOOL Marks and the EVERYDROP Mark.

40.     The acts of Defendant complained of herein have irreparably harmed and will continue to irreparably harm Whirlpool.

41.     Defendant's conduct as described herein makes this an exceptional case.

**COUNT I**
**Trademark Counterfeiting**
**Under the Lanham Act, 15 U.S.C. Section 1114**

42.     Whirlpool repeats and re-alleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

43.     For its own financial gain, Defendant has used spurious designations in interstate commerce that are identical to, or substantially indistinguishable from, the WHIRLPOOL Marks and the EVERYDROP Mark on goods for which Whirlpool holds incontestable federal trademark registrations and prior nationwide common law rights.

44.     On information and belief, Defendant used these spurious designations knowing they are counterfeit in connection with the advertising, promotion, sale, and distribution of filters in direct competition with Whirlpool's goods covered by the Whirlpool Filter Registrations.

45.     Whirlpool has not authorized Defendant to advertise, promote, sell, or distribute Defendant's counterfeit filters.

46.     Defendant's unauthorized use of the WHIRLPOOL Marks and the EVERYDROP Mark on and in connection with the advertising and sale of counterfeit refrigerator water filters constitutes Defendant's use of Whirlpool's registered trademarks in commerce.

47.     Defendant's acts as described herein constitute trademark counterfeiting in violation of the Lanham Act, 15 U.S.C. § 1114, in that Defendant's use of the spurious designations as set forth above on and in connection with refrigerator water filters is likely to cause confusion, mistake, and deception; and cause the consuming public to believe that Defendant's filters come from Whirlpool, are the same as Whirlpool's filters, are authorized by, sponsored by, or approved by Whirlpool or that Defendant and/or Defendant's goods are affiliated, connected, or associated with or in some way related to Whirlpool.

48.     On information and belief, Defendant's use of the spurious designations is willful and reflects Defendant's intent to trade on the goodwill and strong brand recognition long associated with the WHIRLPOOL Marks and the EVERYDROP Mark.

49.     Defendant's acts have caused, and will continue to cause, damage to Whirlpool and jeopardize the entire goodwill symbolized by the WHIRLPOOL Marks and the EVERYDROP Mark, causing immediate, serious, and irreparable injury to Whirlpool for which Whirlpool does not have an adequate remedy at law.

**COUNT II**
**Infringement of Registered Trademarks**
**Under the Lanham Act, 15 U.S.C. Section 1114**
**(Whirlpool Filter and Refrigerator Registrations)**

50.     Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

51.     Defendant's use of the WHIRLPOOL Marks, without Whirlpool's consent, constitutes infringement of the Whirlpool Filter Registrations and Whirlpool Refrigerator Registrations in violation of 15 U.S.C. § 1114 in that, among other things, Defendant's use of the WHIRLPOOL Marks is likely to cause consumer confusion, deception, and mistake among consumers and the trade as to the source, approval, or sponsorship of the Defendant's filters bearing the WHIRLPOOL Marks.

52.     Defendant's acts have caused, and will continue to cause, damage to Whirlpool and jeopardize the entire goodwill symbolized by the WHIRLPOOL Marks, causing immediate, serious, and irreparable injury to Whirlpool for which Whirlpool does not have an adequate remedy at law.

**COUNT III**
**Infringement of Registered Trademarks**
**Under the Lanham Act, 15 U.S.C. Section 1114**
**(EveryDrop Registration)**

53.     Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

54.     Defendant's use of the EVERYDROP Mark, without Whirlpool's consent, constitutes infringement of the EveryDrop Registration in violation of 15 U.S.C. § 1114 in that, among other things, Defendant's use of the EVERYDROP Mark is likely to cause

consumer confusion, deception, and mistake among consumers and the trade as to the source, approval, or sponsorship of the Defendant's filters bearing the EVERYDROP Mark.

55.     Defendant's acts have caused, and will continue to cause, damage to Whirlpool and jeopardize the entire goodwill symbolized by the EVERYDROP Mark, causing immediate, serious, and irreparable injury to Whirlpool for which Whirlpool does not have an adequate remedy at law.

**COUNT IV**
**False Designation of Origin and Trademark Infringement**
**Under the Lanham Act, 15 U.S.C. § 1125(a)**

56.     Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

57.     Defendant's use in commerce of the WHIRLPOOL Marks and the EVERYDROP Mark on and in connection with refrigerator filters is a false designation of origin and an infringement of Whirlpool's registrations and nationwide common law rights in the WHIRLPOOL Marks and the EVERYDROP Mark for refrigerator filters, because such use is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Whirlpool, and as to the origin, sponsorship or approval by Whirlpool of the goods advertised, promoted, sold, and distributed by Defendant.

58.     Defendant has used in commerce in connection with the sale of Defendant's filters false designations of origin and false and misleading descriptions and representations, including the WHIRLPOOL Marks and the EVERYDROP Mark, which

tend to falsely describe the origin, sponsorship, association, or approval by Whirlpool of the filters sold by Defendant.

59.     Defendant's acts have caused, and will continue to cause, damage to Whirlpool and jeopardize the entire goodwill symbolized by the WHIRLPOOL Marks and the EVERYDROP Mark, causing immediate, serious, and irreparable injury to Whirlpool for which Whirlpool does not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Whirlpool prays for a judgment against Defendant as follows:

### Trademark Counterfeiting and Infringement
### WHIRLPOOL Marks

A.     That the Court enter a preliminary and permanent injunction immediately restraining Defendant, its officers, agents, servants, employees, licensees, attorneys and all other persons in active concert or participation with it from:

(1)     manufacturing, having manufactured, advertising, promoting, offering for sale, selling, or distributing refrigerator filters or any products related thereto bearing the marks "WHIRLPOOL" or the "Whirlpool Swirl and Ring Design" or anything confusingly similar thereto;

(2)     using "WHIRLPOOL", the "Whirlpool Swirl and Ring Design", or any other mark confusingly similar thereto in any manner in connection with the advertising, promotion, sale, or distribution of refrigerator filters or any products related thereto;

(3)     engaging in any other act that is likely to cause the mistaken belief that Defendant's goods originate from or are in any way sponsored by,

endorsed by, connected to, associated with, or affiliated with Whirlpool; and from

(4)     otherwise competing unfairly with Whirlpool in any manner.

B.     That Defendant be required to make all reasonable efforts to recall from its customers all of the refrigerator filters bearing the WHIRLPOOL Marks that Defendant sold to them, and any other goods that Defendant has sold bearing the WHIRLPOOL Marks.

C.     That Defendant be required to promptly notify all purchasers of the counterfeit and infringing filters, in writing, that the filters they purchased were counterfeit; offer them a full refund; and give them a full refund if the purchasers so desire.

D.     That Defendant be directed to deliver up for destruction all goods and materials of any nature whatsoever bearing the WHIRLPOOL Marks or anything confusingly similar thereto, including but not limited to products; product labels, packaging materials, shipping labels, and instructions; advertising and promotional materials, including brochures and photographs; and any other materials bearing the WHIRLPOOL Marks or anything confusingly similar thereto, pursuant to 15 U.S.C. §1118.

E.     For an order directing Defendant to file with the Court and serve upon Whirlpool within thirty (30) days after service of the injunction on Defendant, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

F.     That Defendant be directed to pay to Whirlpool (1) all damages suffered by Whirlpool, trebled, or all profits that Defendant has derived from using the WHIRLPOOL Marks, trebled, whichever is higher; (2) costs, attorneys' fees, and prejudgment interest to the fullest extent provided for by 15 U.S. C. § 1117; (3) or, alternatively, at Whirlpool's election, that Whirlpool be awarded statutory damages pursuant to 15 U.S.C. § 1117 of up to $2,000,000 per trademark counterfeited and infringed, per type of good, as well as costs, attorneys' fees, and prejudgment interest; and (4) punitive damages to the fullest extent available under common law.

G.     That Whirlpool have such other and further relief that the Court may deem just and proper.

### Trademark Counterfeiting and Infringement
### EVERYDROP Mark

A.     That the Court enter a preliminary and permanent injunction immediately restraining Defendant, its officers, agents, servants, employees, licensees, attorneys and all other persons in active concert or participation with it from:

(1)     manufacturing, having manufactured, advertising, promoting, offering for sale, selling, or distributing refrigerator filters or any products related thereto bearing the mark "EVERYDROP" or anything confusingly similar thereto;

(2)     using "EVERYDROP", or any other mark confusingly similar thereto in any manner in connection with the advertising, promotion, sale, or distribution of refrigerator filters or any products related thereto;

18

(3)      engaging in any other act that is likely to cause the mistaken belief that Defendant's goods originate from or are in any way sponsored by, endorsed by, connected to, associated with, or affiliated with Whirlpool; and from

(4)      otherwise competing unfairly with Whirlpool in any manner.

B.      That Defendant be required to make all reasonable efforts to recall from its customers all of the refrigerator filters bearing the EVERYDROP Mark that Defendant sold to them, and any other goods that Defendant has sold bearing the EVERYDROP Mark.

C.      That Defendant be required to promptly notify all purchasers of the counterfeit and infringing filters, in writing, that the filters they purchased were counterfeit; offer them a full refund; and give them a full refund if the purchasers so desire.

D.      That Defendant be directed to deliver up for destruction all goods and materials of any nature whatsoever bearing the EVERYDROP Mark or anything confusingly similar thereto, including but not limited to products; product labels, packaging materials, shipping labels, and instructions; advertising and promotional materials, including brochures and photographs; and any other materials bearing the EVERYDROP Mark or anything confusingly similar thereto, pursuant to 15 U.S.C. §1118.

E.      For an order directing Defendant to file with the Court and serve upon Whirlpool within thirty (30) days after service of the injunction on Defendant, a report in

writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

F.     That Defendant be directed to pay to Whirlpool (1) all damages suffered by Whirlpool, trebled, or all profits that Defendant has derived from using the EVERYDROP Mark, trebled, whichever is higher; (2) costs, attorneys' fees, and prejudgment interest to the fullest extent provided for by 15 U.S. C. § 1117; (3) or, alternatively, at Whirlpool's election, that Whirlpool be awarded statutory damages pursuant to 15 U.S.C. § 1117 of up to $2,000,000 per trademark counterfeited and infringed, per type of good, as well as costs, attorneys' fees, and prejudgment interest; and (4) punitive damages to the fullest extent available under common law.

G.     That Whirlpool have such other and further relief that the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury on all issues appropriately triable by a jury.

Dated: February 8, 2017                    Respectfully submitted,

By: */s/ Melissa R. Smith*
Melissa R. Smith  (*TX State Bar No. 24001351*)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
Email:  Melissa@gillamsmithlaw.com

Jeffrey D. Harty  (IA AT0003357)
(Admitted Eastern District of Texas)
David T. Bower (IA AT0009246)
(Admitted Eastern District of Texas)
NYEMASTER GOODE, P.C.
700 Walnut Street, Ste. 1600
Des Moines, IA 50309-3899
Telephone: (515) 283-8038
Facsimile:  (515) 283-3108
Email:    jharty@nyemaster.com
Email:    dbower@nyemaster.com

*Attorneys for Plaintiffs*
**WHIRLPOOL PROPERTIES, INC.
AND WHIRLPOOL CORPORATION**